**GOVERNMENT EXHIBIT**

**SA21-CR-154 - Ex.3**

April 8, 2021 ·

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
20760 US HWY 281 N
Suite A
San Antonio, TX 78258



**U.S. Citizenship
and Immigration
Services**

JUAN ENRIQUE KRAMER PRIDA
c/o MARLA DEJESUS
104 BABCOCK RD
SAN ANTONIO, TX 78201



SRC1790604696



A214-583-950

RE: JUAN ENRIQUE KRAMER PRIDA
I-485, Application to Register Permanent Residence or Adjust Status

## DECISION

This notice refers to your Form I-485, Application to Register Permanent Residence or Adjust Status filed on July 7, 2017, in accordance with Section 245 of the Immigration and Nationality Act (Section 245 of the INA).

You must establish that you satisfied each adjudicative element to establish eligibility for the requested benefit. If there are any issues for which you do not overcome, then each issue forms a separate basis for the denial. In this case, the following issues independently form the basis for this denial and will be discussed in this notice:

Statute and regulations restrict the eligibility of certain aliens to apply for adjustment of status. See INA 245(a) and (c) and Title 8, Code of Federal Regulations (CFR) Part 245.1(c).

INA 245(a) states:

The status of an alien who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if;

(1) the alien makes an application for such adjustment,

(2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and

(3) an immigrant visa is immediately available to him at the time his application is filed.

*Served in Person, at FBI San Antonio, 5740 University Hgts Blvd.
San Antonio, TX 78249. on April 9, 2021. by Hans Momberger
Deportation officer
US ICE # 3156*

8 CFR 245.1(c) states, in pertinent part:

Ineligible Aliens . . .

> (4) Any alien who claims . . . preference status under section . . . 203(b) of the Act, unless the applicant is the beneficiary of a valid unexpired visa petition filed in accordance with Part 204 of this chapter.

USCIS policy published February 28, 2003, "Procedures for concurrently filed family-based or employment-based Form I-485 when the underlying visa petition is denied," directs that if an underlying concurrently-filed Form I-140 is denied, the Form I-485 should also be denied:

Since the regulations now permit the concurrent filing of an application for adjustment of status and an underlying visa petition that has a current priority date, such an application for adjustment is now considered properly filed. USCIS adjudicators should also deny the concurrently filed Form I-485 when the underlying visa petition is denied because the applicant has lost the claim to adjustment of status.

The record of proceeding shows that USCIS has denied the Form I-140, Immigrant Petition for Alien Worker that was concurrently filed on your behalf with the present Form I-485 adjustment application. Your Form I-140 was denied on August 22, 2018. On October 2, 2018, the petitioner filed a Form I-290B, Notice of Appeal or Motion, and requested a motion to reopen your Form I-140. Your Form I-290B was also denied on January 7, 2020. Therefore, you are ineligible to adjust your status, as you are not the beneficiary of a valid unexpired visa petition.

In *Matter of Tanahan* 18 I&N Dec. 339 (Reg. Comm. 1981), it was found that an applicant for adjustment of status under INA 245 who meets the objective prerequisites is merely eligible to apply for adjustment of status. An applicant is in no way entitled to adjustment. When an alien seeks the favorable exercise of USCIS discretion, it is incumbent on that person to establish that he or she merits adjustment.

After a review of the application and all of the supporting evidence, it is the decision of U.S. Citizenship and Immigration Services (USCIS) to deny Form I-485.

Since this Form I-485 has been denied, the condition upon which your Employment Authorization document and/or Advance Parole document was based, no longer exists. Therefore, USCIS has determined that any pending Application for Employment Authorization, Form I-765, and/or Application for Travel Document, Form I-131, related to the Form I-485 are also denied.

Any unexpired Employment Authorization document based upon this Form I-485 is revoked as of 18 days from the date of this notice pursuant to 8 CFR 274a.14(b)(2), unless you submit, within 18 days, proof that your Form I-485 remains pending. The decision shall be final and no appeal shall lie from the decision to revoke the authorization. Any unexpired Advance Parole document based upon this Form I-485 is terminated as of the date of this notice pursuant to 8 CFR 212.5(e)(2)(i). Any unexpired Employment Authorization document and/or Advance Parole document based upon this Form I-485 should be returned to the local USCIS office.

There is no appeal from this decision. You may file a motion to reopen or reconsider. Your motion to reopen or reconsider must be filed on Form I-290B, Notice of Appeal or Motion, within 30 days of the date of this notice (33 days if this notice is received by mail).  To access Form I-290B or if you need additional information, please visit the USCIS Web site at www.uscis.gov. For questions about your application, you can use our many online tools (uscis.gov/tools) including our virtual assistant, Emma.  If you are not able to find the information you need online, you can reach out to the USCIS Contact Center by visiting uscis.gov/contact center.

Sincerely,

Tina Almond
Director